*Ellington v. Sutherland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

Present:
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>JOSEPH F. BIANCO
>>*Circuit Judges*,

---

CHARLES R. ELLINGTON,

>*Plaintiff-Appellee*,

>v.                                                                   19-806

DEPUTY MATTHEW WHITING, DEPUTY TODD SUTHERLAND

>*Defendant-Appellants*,

COUNTY OF MONROE, MONROE COUNTY SHERIFF, PATRICK M. O'FLYNN, DEPUTY MICHAEL RIEGER, TOWN OF GATES, JOHN DOES, 1-12,

>*Defendants*.

---

For Defendant-Appellants:              MICHELE ROMANCE CRAIN, Senior Deputy County Attorney, Monroe County Law Department, Rochester, NY

For Plaintiff-Appellee:                    PATRICK J. BURKE, Rochester, NY

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Defendants-appellants Deputies Matthew Whiting and Todd Sutherland appeal from a March 14, 2019 opinion and order of the United States District Court for the Western District of New York (Geraci, *J.*) denying summary judgment on Plaintiff-appellee Charles Ellington's claim for deliberate indifference due to denial of medical care in violation of the Fourteenth Amendment's Due Process Clause. The events underlying this case took place in 2014 after Ellington fled from police following a traffic stop and suffered severe frostbite on his hands which eventually necessitated the amputation of several of his fingers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.    Jurisdiction

Although not raised by the parties in this case, it is incumbent upon appellate courts to ensure that they have jurisdiction over the case at bar before passing on the merits. Here, we lack jurisdiction to consider the merits of defendants-appellants' claims.

28 U.S.C. § 1291 gives the courts of appeals jurisdiction over "appeals from all final decisions of the district courts of the United States." "An order denying a motion for summary judgment is generally not a final decision within the meaning of § 1291 and is thus generally not immediately appealable." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). However, there is an exception "when the summary judgment motion is *based on a claim of qualified immunity*." *Id*. (emphasis added). "[B]ecause such orders conclusively determine whether the defendant is entitled to immunity from suit; this immunity issue is both important and completely separate from

2

the merits of the action, and this question could not be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." *Id.* at 771–72; *accord Reyes v. Fischer*, 934 F.3d 97, 102 (2d Cir. 2019) (describing the appealability of summary judgement in the qualified immunity context).[1]

However, we have previously stated that interlocutory appeals may not be taken from denials of qualified immunity where the qualified immunity determination turns on the resolution of disputed factual questions. *See Locurto v. Safir*, 264 F.3d 154, 167–68 (2d Cir. 2001) (stating that the court "lack[ed] jurisdiction to undertake" a review of the district court's determination that "sufficient evidence existed to create a genuine issue of fact on the question" underlying the qualified immunity defense). Here, as we explain below, the resolution of that defense depends on disputed matters of fact and thus we lack jurisdiction. *Cf. Lynch v. Ackley*, 811 F.3d 569, 576–77 (2d Cir. 2016) ("[A]s long as the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution, an interlocutory appeal is available to assert that an immunity defense is established as a matter of law." (quoting *Smith v. Edwards*, 175 F.3d 99, 104–05 (2d Cir. 1999))).

---

[1] The district court also did not pass on the defendants' qualified immunity defense to Ellington's deliberate indifference claim, likely because the defendants did not argue for qualified immunity as to this claim. As such, it may be argued that the claim is forfeited. However, we have stated that even despite forfeiture, "we nevertheless have the power to consider" the defense. *Fabrikant v. French*, 691 F.3d 193, 212 (2d Cir. 2012). "We have exercised this discretion where the argument presents a question of law and there is no need for additional fact-finding." *Id*. (citing *Dean v. Blumenthal*, 577 F.3d 60, 67 n.6 (2d Cir. 2009) (per curiam)); *see Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (explaining this exception). Because we hold that the qualified immunity determination here turns on disputed issues of fact, we do not decide whether defendants had forfeited the arguments at this stage of the proceedings.

**A. Qualified Immunity**

We judge whether a defendant is entitled to qualified immunity by looking to the clearly established law which was in effect at the time the events in question took place. *Tarvella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010). Under Second Circuit precedent, "[a] plaintiff can prove deliberate indifference by showing that the defendant official recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or *should have known*, that the condition posed an excessive risk to [the plaintiff's] health or safety." *Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir. 2019) (internal citation and quotation marks omitted). However, at the time of the events in this case, Second Circuit law still required plaintiff's making deliberate indifference claims to show subjective awareness of the substantial risk in question. *Id.* at 86–87 (discussing the changing standard).

The question of whether a state actor "knew . . . of the substantial risk of harm to the detainee is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id.* at 87. And "[a] factfinder may conclude that a[n] [] official knew of a substantial risk from the very fact that the risk was obvious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Under the summary judgement standard, we construe the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *ING Bank N.V. v. M/V TEMARA, IMO*, 892 F.3d 511, 518 (2d Cir. 2018). Applying this standard, there are several disputed factual issues which prevent resolution of the defendants-appellants' qualified immunity defense at this time.

First, the parties dispute whether Ellington authorized Deputy Sutherland to sign a refusal to receive further medical treatment, including transportation to a hospital, on Ellington's behalf. Second, the parties dispute the level of knowledge which the deputies possessed regarding Ellington's complaints about the tightness of the handcuffs and the pain in Ellington's hands, with Ellington claiming to have made numerous complaints regarding both, while the deputies claim Ellington never complained about the tightness of the cuffs. Whether Ellington made, and the deputies heard, such complaints is highly relevant to the level of the deputies' knowledge of the risk to Ellington's hands as well as the adequacy of the treatment provided him, including the disputed refusal for further treatment discussed above. In short, if the defendants knew of Ellington's complaints and yet nonetheless signed a refusal for further medical treatment on his behalf when they were not authorized to do so, there would be a strong argument for their actual knowledge of the substantial risk to Ellington's health and their substantial disregard of that risk in manner which is objectively unreasonable. While we do not hold that these facts would be sufficient to defeat qualified immunity, these disputed factual issues prevent us from holding that the deputies have made out a qualified immunity defense at this stage. As such, we lack jurisdiction over this appeal and remand the case to the district court for further proceedings.

Accordingly, we **DISMISS** the appeal for a lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5